UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JERRY WILSON,

       Plaintiff,

v.                                                    Case No. 8:19-cv-1553-T-NPM

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.

_____

## OPINION AND ORDER

Plaintiff seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). (Doc. 1). The Commissioner filed the Transcript of the proceedings (referred to as "Tr." followed by the appropriate page number), and the parties filed a Joint Memorandum (Doc. 36). As discussed in this Opinion and Order, this matter is dismissed because the Court does not have subject matter jurisdiction.

## I.      Procedural and Factual History

Plaintiff filed applications for a period of disability and DIB on November 29, 2016, and for SSI on June 20, 2017. (Tr., pp. 141-144, 145-152). Plaintiff's applications were denied initially on February 22, 2017, and upon reconsideration

on July 26, 2017. (*Id.*, pp. 78-95). On August 28, 2017, Plaintiff requested a hearing

before an Administrative Law Judge ("ALJ"). (*Id.*, p. 98).

Subsequently, the SSA sent Plaintiff a hearing notice dated October 19, 2018.

(Tr., p. 114). The notice informed him of the date, time, and location of the hearing,

which was scheduled for 9:00 a.m. on January 8, 2019 in Tampa, Florida. (*Id.*). The

notice further advised Plaintiff:

### It Is Important That You Attend Your Hearing

I have set aside this time for you to tell me about your case. If you do
not attend the hearing and I do not find that you have a good reason, I
may dismiss your request for hearing. I may do so without giving you
further notice.

(*Id.*).

The Notice also asked Plaintiff to return an enclosed acknowledgment form

utilizing an enclosed envelope, but Plaintiff did not return it. (Tr., pp. 10, 115). The

SSA mailed Plaintiff *another* Notice of Hearing and "Important Reminder" on

December 26, 2018. (*Id.*, p. 138). In this Notice, the SSA warned Plaintiff once

again: "If you do not appear at this hearing, and do not provide a good reason why

you did not appear, the [ALJ] will dismiss your request for hearing without further

notice." (*Id.*). And the Notice requested: "If you have not yet returned the

Acknowledgement Form, please call the number listed above and tell us if you plan

to come to your hearing. If you do not plan to come to your hearing, please tell us

why you cannot come." (*Id.*). But Plaintiff did not call as requested and so, the day

2

before the hearing, a staff member at the hearing office called Plaintiff and confirmed Plaintiff's attendance at the hearing. (*Id.*, p. 139).

Plaintiff did not appear at the January 8, 2019 hearing. While Plaintiff was twice advised prior to the hearing that his hearing request could be dismissed without any further notice if he failed to appear, the ALJ nevertheless issued a show cause order to Plaintiff. (Doc. 36, p. 3). Plaintiff responded to the show cause order in a letter received on January 14, 2019, explaining the reason for his failure to appear at the hearing. (Tr., p. 140). The letter stated that Plaintiff did not attend the hearing because he and his driver had left Mulberry, Florida at 7:00 a.m. to arrive "just before 9 a.m." but his plan did not work due to two accidents on Highway 275. (*Id.*). Plaintiff further stated that when he found the location of the hearing, he was in the wrong lane, could not get over, and "a u-turn sent [him] to St. Pete." (*Id.*). He also claimed that he called the hearing office when he knew traffic on Highway 275 was backed up and he could not arrive on time, and then later called the hearing office back and was asked to write an explanation to the ALJ. (*Id.*).[1] Plaintiff requested a new date for the hearing. (*Id.*).

On January 22, 2019, the ALJ issued a notice and order dismissing Plaintiff's request for hearing. (Tr., pp. 7-11). The order of dismissal acknowledged receipt of

---

[1] Notably, Plaintiff's claims about telephone contact with the hearing office on the day of the hearing are not corroborated by any reports of the contact in the record.

Plaintiff's response to the show cause order, in which Plaintiff offered his excuse for the failure to appear. (*Id.*, p. 11). But citing and applying the applicable regulations set forth in 20 C.F.R. §§ 404.957(b)(2) and 416.1457(b)(2) (*see also* HALLEX I-2-4-25), the ALJ found no good cause for Plaintiff's failure to appear at the hearing. (*Id.*, p. 11). Accordingly, the ALJ dismissed Plaintiff's request for a hearing, leaving the July 26, 2017 administrative denial of Plaintiff's claims in effect. (*Id.*).

As Plaintiff was advised in the Notice of Dismissal, he was entitled under SSA regulations to ask the ALJ to vacate, or set aside, the order and also to ask the agency's Appeals Council to review it. (Tr., p. 7). *See also* 20 C.F.R. §§ 404.960 & 404.967. While Plaintiff did not ask the ALJ to set aside the order, he did avail himself of the opportunity to request review by the Appeals Council. (Tr., p. 6). Contrary to the excuse provided to the ALJ, Plaintiff indicated in his request for review that he did not have transportation to attend the hearing. (*Id.*). The Appeals Counsel allowed the submission of more information (*Id.*, p. 3-4), and Plaintiff submitted a letter claiming that he did not drive, lacked transportation, and that it was "a chore in itself" to travel from Mulberry to Tampa, which is over 60 miles away. (*Id.*, p. 13).

Finding no abuse of discretion or error of law, the Appeals Council denied Plaintiff's request for review of the ALJ's dismissal. (Tr., pp. 1-2). Plaintiff then filed a Complaint (Doc. 1) with this Court, alleging the ALJ erred by dismissing the

request for hearing. Acknowledging it would be improper for this Court to evaluate the merits of whether Plaintiff stated good cause for the failure to appear, Plaintiff asks for this matter to be remanded for further consideration about whether he stated good cause. (Doc. 36, p. 14). Relying exclusively on the Ninth Circuit's decision in *Dexter v. Colvin*, 731 F.3d 977 (9th Cir. 2013), the crux of Plaintiff's argument is that he was denied due process because the ALJ did not provide an explanation as to why Plaintiff's excuse did not constitute good cause for the failure to appear. (Doc. 36, pp. 8-9).

## II.   Lack of Subject Matter Jurisdiction

The parties assume that the Court has subject matter jurisdiction under *Smith v. Berryhill*, 139 S. Ct. 1765 (2019). (Doc. 36, p. 1 n. 1). In *Smith*, the Supreme Court held that an Appeals Council dismissal of a claimant's untimely request for review of an ALJ's merits decision is a "final decision . . . made after a hearing" and is subject to judicial review. *Id.*, at 1774-75, 1780. But the Court expressly limited its holding to apply to Appeals Council dismissals made after an ALJ hearing and not, for example, instances such as this one where a claimant did not receive a hearing before an ALJ. *Id.*, at 1777 n. 17.

Federal courts have limited jurisdiction and must scrupulously confine their jurisdiction "to the precise limits which the statute has defined." *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1086 (11th Cir. 2010) (quoting

5

*Healy v. Ratta*, 292 U.S. 263, 270 (1934)); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1260 (11th Cir. 2000); *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004). So courts may sua sponte dismiss a suit for lack of subject matter jurisdiction, even if the parties do not raise the issue. Fed. R. Civ. P. 12(h)(3); *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

Section 205(g) of the Social Security Act authorizes federal judicial review of "any final decision of the Secretary made *after a hearing* to which (the claimant) was a party . . . ." 42 U.S.C. § 405(g) (emphasis added); *see Califano v. Sanders*, 430 U.S. 99, 102, 108 (1977) ("[Section 205(g)] clearly limits judicial review to a particular type of agency action, a 'final decision of the Secretary made after a hearing.' "). "Thus when, as here, the Commissioner dismisses a claim without a hearing due to the claimant's unexcused failure to appear, federal courts lack jurisdiction to review the dismissal." *Kiiker v. Astrue*, 364 F. App'x 408, 409 (10th Cir. 2010) (Gorsuch, J.); *see also Bowens v. Barnhart*, 101 F. App'x 93, 94 (6th Cir. 2004) (same holding); *Cash v. Barnhart*, 327 F.3d 1252, 1256 (11th Cir. 2003) (finding no jurisdiction to review order denying application to reopen because it is not a "final decision" within the meaning of section 205(g)). Here, the request for hearing was dismissed due to Plaintiff's failure to appear, and therefore, the ALJ did not conduct a hearing. Thus, the Court does not have subject matter jurisdiction pursuant to the express terms of Section 205(g).

Courts with superior and binding authority have nevertheless found an implied grant of subject matter jurisdiction within section 205(g) when the claimant presents for judicial review a colorable constitutional claim. *Califano*, 430 U.S. at 109; *Cash*, 327 F.3d at 1257 n.8. While Plaintiff's argument based on *Dexter v. Colvin*, 731 F.3d 977 (9th Cir. 2013), is couched in terms of a due process violation, it fails to present a colorable constitutional claim.

In *Dexter*, the Ninth Circuit held that a benefits claimant who had administratively appealed the dismissal of an untimely hearing request was entitled, under the due process clause, to "some explanation [by the ALJ] … of why the applicant's potentially valid reasons for good cause are rejected." *Id.* at 981. The claimant proffered three reasons why she had good cause to excuse her untimely request for hearing. However, the ALJ only addressed one of the reasons, even though the other two reasons were listed in SSA regulations as "[e]xamples of circumstances where good cause may exist" for an untimely request for review. *Id.* at 980 (citing 20 C.F.R. § 404.911(b)).

The *Dexter* court specified that "if a claimant provides a facially legitimate reason that constitutes 'good cause' under the Commissioner's regulations, then due process requires that the ALJ address it." *Dexter*, 731 F.3d at 981-982 (citing 20 C.F.R. § 404.911(b)). The Ninth Circuit stated:

> [w]hile Dexter is *not* entitled to judicial review of the merits of the ALJ's good-cause decision, she *was* entitled to seek administrative

> review of that decision with the Appeals Council. The Appeals Council
> could not have made an informed decision to deny review without
> knowing what the ALJ's reasons were for rejecting Dexter's assertion
> that her mother's death and her own illness justified her delay.

*Id.* at 981. However, the court also clarified that not every failure by an ALJ to address a reason gives rise to a due process violation; as *Dexter* opined, due process only requires an ALJ to address a "facially legitimate reason that constitutes 'good cause' under the Commissioner's regulations." *Id.* at 981-982.

Plaintiff's resort to *Dexter* is unavailing because it is distinguishable for at least two reasons. First, it concerned an untimely hearing request whereas, here, Plaintiff failed to appear at his duly noticed hearing. And second—and perhaps more importantly—Plaintiff's excuse was not based on any reason listed in the SSA regulations as examples of circumstances when good cause may excuse a failure to appear. *See* 20 C.F.R. §§ 404.957(b)(2), 416.1457(b)(2).

The touchstones of due process are notice and an opportunity to be heard. *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). And to determine if procedural safeguards were appropriately conferred in a case, a court must consider each situation on a case-by-case basis. *Wolff v. Comm'r of Soc. Sec.*, No. 8:13-cv-2488-T-27AEP, 2014 WL 3747679, *4 (M.D. Fla. July 29, 2014) (citing *Matthews*, 424 U.S. at 333). Given the issue presented, the Court considers then-Judge Gorsuch's opinion in *Kiiker* highly instructive because it concerned substantially similar facts. *Kiiker v. Astrue*, 364 F. App'x 408, 409 (10th Cir. 2010).

In *Kiiker*, the claimant failed to appear at his hearing before the ALJ concerning his application for social security benefits. *Id.* And after the Appeals Council denied his request for review of the ALJ's order of dismissal, the claimant sought judicial review. The Tenth Circuit affirmed the district court's dismissal of the action for lack of subject matter jurisdiction. *Id.* While the claimant argued his right to due process was violated, the Circuit nevertheless found that he did not present a colorable constitutional claim because he was afforded an opportunity to justify or excuse his failure to appear, and he could have requested the ALJ vacate the dismissal or the Appeals Council review it. *Id.* at 409-412.

Likewise, Plaintiff received notice of the hearing and was given an opportunity to justify or excuse his failure to appear. Plaintiff had, and took advantage of, the option to file an appeal with the Appeals Council. And the Appeals Council permitted Plaintiff to submit further information, including facts, law, or additional evidence. (Tr., p. 3). Plaintiff also could have asked the ALJ to vacate, or set aside, the order of dismissal, but Plaintiff did not take advantage of this option. (Tr., p. 7).

Ultimately, Plaintiff was provided multiple opportunities to be heard "at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). Plaintiff has not presented a colorable due process violation, and the instant action must be dismissed.

## III.   Conclusion

Judicial review is unavailable under Section 205(g) of the Act because Plaintiff has not stated a colorable due process claim. Accordingly, this action is hereby **DISMISSED** for lack of subject matter jurisdiction. The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on November 30, 2020.

NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE